FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT - 3 2013

CENTRAL DISTRICT OF CALIFORNIA
BY  Shy                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA ELOISE LARA, | Case No. CV 12-10150 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| CAROLYN W. COLVIN, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant.[1] | |

Pursuant to the Court's Case Management Order, the parties have filed the Administrative Record ("AR") and a Joint Stipulation ("JS") raising one general disputed issue -- whether the Administrative Law Judge ("ALJ") complied with the Appeals Council Order requiring the ALJ to properly consider Plaintiff's mental impairment. The parties have consented to proceed before the Magistrate Judge. The Court has carefully reviewed the parties' respective contentions relating to the disputed issue in conjunction with the AR. This matter is now ready for decision.

### Issue #1

Plaintiff filed her application for Disability Insurance Benefits alleging an onset date of disability of December 15, 2004, due to leg, back, hand, shoulder, neck, and

---

[1]   The Acting Commissioner is substituted as the defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure. No further action is needed to continue this case by reason of the last sentence of 42 U.S.C. § 405(g).

mental impairments. (AR 35-38, 54, 181, 217.) Plaintiff's application was denied initially, and thereafter, Plaintiff requested a hearing. (AR  91-95, 99-100.) Following an administrative hearing, the ALJ issued a decision on December 3, 2008, finding Plaintiff not disabled. (AR 80-86.) On February 13, 2009, the Appeals Council issued an order ("Remand Order") granting review, vacating the ALJ's decision, and remanding the matter for further consideration of Plaintiff's mental status. (AR 88-90.) On remand, the ALJ held a supplemental hearing and reviewed additional medical records submitted by Plaintiff. (AR 61-75, 374-533.) On February 13, 2009, the ALJ issued a second decision ("2009 Decision") finding Plaintiff not disabled. (AR 16-21.) The ALJ determined that Plaintiff had severe physical impairments consisting of musculoligamentous sprain/strain of the lumbar spine, disc bulging of the lumbar spine, and musculoligamentous sprain/strain of the cervical spine. (AR 19.) The ALJ found that Plaintiff's medically determinable mental condition of depressive disorder, NOS, with anxiety was not a severe impairment. (AR 19.) The ALJ assessed Plaintiff with a residual functional capacity ("RFC") for the full range of light work, and determined that Plaintiff was capable of performing her past relevant work as a manager of collectors. (AR 20-21.) The Appeals Council denied review, making the 2009 Decision the final decision of the Commissioner. (AR 1-3.)  Plaintiff now seeks judicial review of that decision.

Plaintiff first contends that the ALJ committed reversible error by failing to comply with the Appeals Council's Remand Order. (JS 4-12.) The Remand Order directed the ALJ to: (1) obtain additional evidence from a consultative examiner ("CE") concerning Plaintiff's mental impairment, including a psychological examination with psychological testing and a statement regarding her ability to perform work-related activities; (2) reconsider Plaintiff's RFC; (3) obtain evidence from a vocational expert ("VE") to compare the mental and physical demands of Plaintiff's past relevant work and her RFC and, to clarify the effect of Plaintiff's limitations on the occupational base, if the analysis proceeds to reach step 5 of the sequential analysis; and (4) obtain evidence from a medical expert ("ME") to clarify the nature and severity of Plaintiff's mental

1  impairments at steps 2 and 3 of the sequential analysis, if warranted. (JS 4-12; AR 89.)

2  On remand, the ALJ did not consult a CE, VE, or ME to further evaluate Plaintiff's

3  RFC or mental condition as directed by the Appeals Council. (AR 16-21.) Instead, the

4  ALJ simply determined that Plaintiff's mental impairment was not severe based on a

5  review of Plaintiff's supplemental medical evidence and subjective symptom testimony.

6  (AR 19-21, 61-75, 374-533.) As such, the ALJ did not properly comply with the Remand

7  Order. *See* 20 C.F.R. § 404.977(b) (explaining that the ALJ "shall take any action that

8  is ordered by the Appeals Council and may take any additional action that is not

9  inconsistent with the Appeals Council's remand order").

10  However, in the present proceedings, the ALJ's failure to follow the Remand

11  Order is not a proper basis for a reversal or remand of the ALJ's final decision regarding

12  Plaintiff's disability. *See Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d

13  1135, 1136-1138 (9th Cir. 2011). "The ALJ's errors are relevant only as they affect that

14  analysis on the merits." *Id.* at 1138. The proper issue before this Court is whether the

15  ALJ's decision is based on substantial evidence and is free of legal error. *Id.*; *see, e.g.,*

16  *Wentzek v. Colvin*, 2013 WL 4742993, at *4 (D. Or. Sept. 3, 2013) (explaining that

17  where ALJ fails to comply with a remand order, reversal is only warranted to the extent

18  that the reviewing court found harmful error in regard to issues challenging disability

19  determination on the merits). Therefore, the analysis proceeds to consideration of

20  whether Plaintiff's additional allegations of error warrant reversal.

21  Plaintiff next contends that the ALJ erred by failing to adequately develop the

22  record in regard to her alleged mental impairment. The ALJ has a duty to fully and fairly

23  develop the record, even where the claimant is represented by counsel. *Tonapetyan v.*

24  *Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). A claimant, however, retains the burden of

25  proving disability. *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001) The ALJ's

26  "duty to develop the record further is triggered only when there is ambiguous evidence

27  or when the record is inadequate to allow for proper evaluation of the evidence." *Id.* at

28  459-60; *Tonapetyan*, 242 F.3d at 1150.

1     Here, the record shows that Plaintiff has been diagnosed with major depression,
2  anxiety, and panic attacks, and has been prescribed a variety of medications (Paxil,
3  Xanax, Lexapro, Xanax, Celexa, Zoloft, Trazodone) for her mental condition. (AR 322,
4  431, 433, 449, 459, 461-62, 466, 495, 496, 508, 529, 527-30.) Such evidence, while
5  perhaps not specific enough to permit a full disability evaluation, should have prompted
6  the ALJ to inquire further than he did. The record reveals little effort by the ALJ to seek
7  additional information to evaluate the extent to which Plaintiff's mental state could
8  impact her RFC.

9     The ALJ acknowledged that Plaintiff's treating physicians, Wen Che Chung, M.D.
10 and Erick Carcamo, M.D., diagnosed mental impairments. The ALJ, however,
11 determined that the medical record was not sufficient to establish a severe mental
12 impairment. (AR 19.) In February 2007, Dr. Chung noted that Plaintiff was experiencing
13 problems with sleep, appetite, worry, and anxiety. (AR 322, 433.) Dr. Chung diagnosed
14 depression and prescribed Lexapro. (AR 19, 322, 433.) Although the ALJ stated that
15 there were no records pertaining to further mental health treatment until June 29, 2009,
16 the record shows that Plaintiff returned to Dr. Chung in April 2007. (AR 19, 431.) Dr.
17 Chung noted that Plaintiff was experiencing adverse side effects from her anti-depressant
18 medication and had continuing complaints of anxiety, panic attacks, and depression. (AR
19 431.) On June 29, 2009, and July 15, 2009, Dr. Carcamo examined Plaintiff and
20 prescribed medication for anxiety attacks and depressive syndrome. (AR 525, 527, 530-
21 33.) At Plaintiff's September 2009 supplemental hearing, Plaintiff testified that she was
22 still taking anti-depressant medication (Paxil and Xanax), which had been prescribed by
23 one of her physicians. (AR 70.) Although Dr. Chung's and Dr. Carcamo's records do not
24 indicate the degree to which Plaintiff's condition may have impacted Plaintiff's ability
25 to work, the record contained sufficient evidence of Plaintiff's mental impairment to
26 trigger the ALJ's duty to develop the record further. *Mayes*, 276 F.3d at 460; *see also*
27 *Hilliard v. Barnhart,* 442 F.Supp.2d 813, 817 (N.D. Cal. 2006) (explaining that where
28 claimant raises a suspicion about his mental impairment the need for further development

1  of the record is triggered, citing *Jones v. Bowen*, 829 F.2d 524, 526 (5th Cir.1987)).

2          In finding Plaintiff's mental condition not severe, the ALJ discounted Dr. Chung's
3  and Dr. Carcamo's opinions, citing the "paucity of evidence" and lack of objective
4  findings pertaining to Plaintiff's mental status. (AR 19.) The ALJ's conclusory
5  statements were not a sufficient basis for rejecting the opinions of Plaintiff's treating
6  physicians. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("The ALJ must do
7  more than offer his conclusions. He must set forth his own interpretations and explain
8  why they, rather than the doctors', are correct." (citing *Embrey v. Bowen*, 849 F.2d 418,
9  421-22 (9th Cir. 1988))). Further, unlike physical impairments, psychiatric impairments
10  are not as amenable to substantiation by objective laboratory testing. *See Hartman v.*
11  *Bowen*, 636 F. Supp. 129, 132 (N.D. Cal. 1986) ("Mental disorders cannot be ascertained
12  and verified as are most physical illnesses, for the mind cannot be probed by mechanical
13  devices in order to obtain objective clinical manifestations of mental illness.") If the ALJ
14  questioned the objective basis for Dr. Chung's and Dr. Carcamo's opinions, he should
15  have inquired further. *See, e.g., Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).
16  Indeed, further development of the record concerning Plaintiff's mental condition and
17  consideration of the impact of Plaintiff's mental condition on her ability to perform
18  work-related activities were precisely the reasons the Appeals Council previously
19  remanded this case to the ALJ. (AR 88-90.)

20          The ALJ also relied on the lack of mental health treatment in deeming Plaintiff's
21  mental impairment not severe. (AR 19.) The ALJ emphasized the gap in treatment
22  between the time Plaintiff saw Dr. Chung in February 2007 and Dr. Carcamo in June
23  2009. (AR 19.) As noted, however, the ALJ ignored the record showing that Plaintiff
24  returned to Dr. Chung in April 2007. (AR 19, 431.) Moreover, Plaintiff explained that
25  she had stopped seeing Dr. Chung, as she lost her medical insurance in December 2007
26  and had been experiencing significant financial stress. (AR 69-70.) In general, an
27  inability to afford treatment is considered a "good reason" for not obtaining it. *See*
28  *Smolen*, 80 F.3d at 1284. The ALJ noted Plaintiff's loss of insurance, but faulted Plaintiff

for failing to seek treatment at a county medical facility. (AR 21.) The ALJ, however, made no specific finding that Plaintiff was eligible to receive free or reduced cost treatment, and the record does not indicate that Plaintiff unreasonably failed to avail herself of such resources. *See, e.g., Ramirez v. Colvin*, 2013 WL 1752453, at *5 (C.D. Cal. April 22, 2013) (ALJ's finding that claimant failed to seek treatment at county facilities was not an adequate reason to discount claimant's credibility where there was no evidence that claimant unreasonably failed to seek free medical care, and the ALJ made no findings as to the existence of such resources). The ALJ also inferred from the lack of mental health treatment that Plaintiff's "mental impairment is under control when she does take her medications." (AR 19.) However, the ALJ cites no record evidence to support such a conclusion. Moreover, lack of treatment may be a questionable basis on which to reject mental health claims because mental illness can impair judgment resulting in failure to seek assistance. *See Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) ("it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation") (citation and internal quotation marks omitted).

Additionally, Plaintiff correctly contends that the ALJ's finding that Plaintiff has the RFC for the full range of light work conflicts with his finding that Plaintiff is limited to standing and walking 4 hours in an 8-hour workday. (JS 9; AR 20); Social Security Ruling ("SSR") 83-10, 1983 WL 31251 at *6 ("[T]he full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."); 20 C.F.R. § 404.1567.

The Court concludes that the ALJ failed to adequately develop the record regarding Plaintiff's mental state. As the current record provides an insufficient basis to determine the extent to which Plaintiff's mental state may impact her RFC, this Court cannot deem the ALJ's error harmless. *Cf. Lewis v. Astrue,* 498 F.3d 909, 911 (9th Cir. 2007) (finding that any error in failing to find claimant's bursitis impairment not severe at step 2 was harmless where the ALJ extensively discussed claimant's bursitis at step

1    4); SSR 96-8p, 1996 WL 374184 at *5 ("In assessing RFC, the adjudicator must consider

2    limitations and restrictions imposed by all of an individual's impairments, even those

3    that are not 'severe.'"); 20 C.F.R. § 404.1545(a)(1).

4        Accordingly, remand is appropriate to enable the ALJ to develop the record

5    regarding Plaintiff's mental condition and to assess whether, in light of all of Plaintiff's

6    limitations, Plaintiff retains the ability to work.

7

8                                   **ORDER**

9        The decision whether to remand for further proceedings or order an immediate

10    award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d

11    1172, 1175-78 (9th Cir. 2000). When no useful purpose would be served by further

12    administrative proceedings, or where the record has been fully developed, it is

13    appropriate to exercise this discretion to direct an immediate award of benefits. *Id.* at

14    1179 ("the decision of whether to remand for further proceedings turns upon the likely

15    utility of such proceedings"). But when there are outstanding issues that must be

16    resolved before a determination of disability can be made, and it is not clear from the

17    record the ALJ would be required to find the claimant disabled if all the evidence were

18    properly evaluated, remand is appropriate. *Id.*

19        The Court finds a remand is appropriate because there are unresolved issues that,

20    when properly resolved, may ultimately still lead to a not disabled finding. *See INS v.*

21    *Ventura*, 537 U.S. 12, 16, 123 S. Ct. 353 (2002) (upon reversal of administrative

22    determination, "the proper course, except in rare circumstances, is to remand to the

23    agency for additional investigation or explanation") (internal quotation marks and

24    citation omitted). Accordingly, the present case is remanded for further proceedings

25    consistent with this Memorandum and Order.

26    ///

27    ///

28

1    IT IS THEREFORE ORDERED that a judgment be entered reversing the
2  Commissioner's final decision and remanding the case so the ALJ may make further
3  findings consistent with this Memorandum and Order.
4
5
6  DATED: October 3, 2013
7                                    ARTHUR NAKAZATO
                                     UNITED STATES MAGISTRATE JUDGE
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28